UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 03, 2019

SEAN F. McAVOY, CLERK

| | |
|---|---|
| RICHARD EDWARD LASKER, JR., doing business as Inland Agricultural Supply,<br><br>Plaintiff,<br><br>v.<br><br>ALAIN CHARBONNEAU, doing business as Bio Agri Scienece Ltee; and DOES 1-10,<br><br>Defendants. | NO: 2:19-CV-76-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

BEFORE THE COURT is a motion by Plaintiff Richard Lasker for the Court to reconsider its determination that an ex parte temporary restraining order hearing is not warranted at this point in this case. ECF No. 4.

Plaintiff filed his complaint, titled "Complaint and Request for Injunction," seeking damages for fraudulent misrepresentation, fraudulent omission, and breach of contract on March 11, 2019. ECF No. 1. Plaintiff subsequently inquired with the Court as to why a preliminary injunction hearing had not been scheduled. *See* ECF No. 3. Given that Plaintiff had not yet served Defendant, the Court broadly

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 1

interpreted the caption language in Plaintiff's complaint requesting an injunction to be a request for a temporary restraining order under Fed. R. Civ. P. Rule 65(b).

A Court *may* provide injunctive relief in the form of a temporary restraining order without notice to the adverse party or its attorney *only if* the party seeking injunctive relief supports the request with:

> (A) specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

The Court applied Rule 65(b) and determined that a TRO hearing was not appropriate without the elements laid out in sections (A) and (B) of the rule or proof of notice to Defendant. ECF No. 3. Plaintiff's motion for reconsideration attempts to remedy this deficiency by providing more detail regarding the imminent risk of injury to Plaintiff and making an argument as to why the Court should not require proof of notice before deciding whether to issue a TRO. ECF No. 4. With respect to the issue of notice, Plaintiff argues:

> 7. Given that defendant never paid for the products, has no right to sell these products, may well gain a legal advantage from the sales, there is evident proof that the defendant has fully admitted to owing for these products and the defendant openly flaunts bankruptcy as a means to keep the unpaid products and escape court-ordered renumerations we respectfully ask the Court to consider the facts and evidence below and reconsider the facts and schedule a hearing without proof of notice to Defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 2

8. The very reason defendant needs not be noticed for the purpose of the temporary restraining order is that defendant's seemingly [sic] co-conspirator, has stated that she will sell the products at her will. . . . Notice tells them to immediately activate their fraud and dispose of the products.

ECF No. 4 at 3.

A TRO is not a matter of right. *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008). The decision whether to issue a TRO "rests in the sound discretion of the court." *Petroleum Exploration v. Public Serv. Comm'n*, 304 U.S. 209, 218 (1938); *see also* Fed. R. Civ. P. 65(b) ("The court *may* issue a temporary restraining order . . . .") (emphasis added). Courts must protect "not only the interests of the plaintiff, who claims that he is faced with the possibility of irreparable injury, but *also* those of the defendant who may be subject to restraint without notice or an opportunity to respond." *Munt v. Minn. Dep't of Corr.*, No. 16-cv-1206 (SRN/SER), 2016 U.S. Dist. LEXIS 145769 at *4 (Oct. 20, 2016) (emphasis in original) (citing 11a Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2951 (3d ed. 2016)). "Balancing these competing interests requires the court to consider whether an ex parte motion is truly necessary in light of the facts of the case, or whether a delay may be permitted in order to allow the defendant to participate." *Id.*

Consequently, the issuance of a TRO is generally disfavored, consistent with the fundamental tenet of the American judicial system that, absent exceptional circumstances, court action is appropriate only after reasonable notice and an opportunity to be heard has been granted to both sides of a dispute. *Granny Goose*

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 3

*Foods Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 438−39 (1974). Indeed, very few circumstances justify the issuance of an ex parte TRO. *Reno Air Racing Assoc., Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006). For instance, an ex parte TRO may be justified where notice to the adverse party is impossible because the identity of the party is unknown at the time or the party cannot be located in time for a hearing. This case involves neither situation.

Motions for reconsideration also are seldomly granted because they must demonstrate that newly discovered evidence supports a different outcome; that the Court committed clear error or the initial decision was manifestly unjust; or an intervening change in controlling law has occurred. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. V. AC & S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Plaintiff has not made a showing that the circumstances in this matter justify proceeding without notice to the adverse party, and he has not shown that notice has been accomplished. Plaintiff attached to his motion for reconsideration an unsigned and undated affidavit of service indicating that a process server may have served Defendant Alain Charbonneau in Quebec, Canada, on March 20, 2019. ECF No. 4-1 at 17−19. The Court refers Plaintiff to Federal Rule of Civil Procedure Rule 4, generally, and section (l)(2) of that rule in particular, for the requirements for effecting and proving service on an individual located outside of the United States.

In short, at this time, Plaintiff has not demonstrated that he served Defendant with notice of this lawsuit and request for injunctive relief. Rather, Plaintiff argues

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 4

for an injunction without any representation from Defendant, but fundamental due process and the rules do not allow for that result.

The Court finds that there is no basis to proceed to the merits of Plaintiff's request for a preliminary injunction on an ex parte basis because notice of service of process has not been completed yet. Until notice of service of process is completed, or Plaintiff establishes an allowable basis for proceeding ex parte, the Court will not consider Plaintiff's arguments regarding whether "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A).

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Reconsideration, **ECF No. 4**, is **DENIED**.

2. After Plaintiff serves Defendant with the summons, complaint, and all other filings in this action, and files proof of proper service with the Court, Plaintiff may seek a hearing on a motion for preliminary injunction, which the Court may hold telephonically or in person. If Defendant has not yet appeared in this matter at the time that Plaintiff seeks a preliminary injunction, the Court will notify Defendant of any hearing by mail.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide a copy to Plaintiff.

**DATED** April 3, 2019.	*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION ~ 5